| | | | |
|---|---|---|---|
| In re: | ) | Bankruptcy Case No. | |
| | ) | Judge | |
| ELIZABETH THOMPSON | ) | | |
| | ) | ■ | **Original Chapter 13 Plan** |
| SSN: xxx-xx-5708 | ) | | |
| SSN: | ) | ☐ | **Amended Chapter 13 Plan** |
| | ) | | Dated _____ |
| | ) | | |
| | ) | | |
| | ) | | |
| | ) | | |
| Debtor(s) | ) | | |
| | ) | | |
| | ) | | |
| | ) | | |

■     This plan contains special provisions, set out in Section 10.01. If this box is blank, the plan includes no provision deviating from the model plan.

■     This plan contains motion(s) to value collateral.     ■     This plan contains motion(s) to void liens.

**NOTICE: Absent timely objection, this plan and any included motions may be approved without further notice or hearing at the conclusion of the Meeting of Creditors. To be timely, objections to the plan or motions:**
    **(a) Must be in writing and must be filed and served prior to the Meeting of Creditors; or**
    **(b) Must be stated orally at the Meeting of Creditors.**
**If objections are timely filed or stated orally at the Meeting of Creditors, a hearing on confirmation will be held at the contested confirmation hearing date indicated on the Notice of Meeting of Creditors and Deadlines.**

**Commitment Period and Plan Payments**

**1.01 Commitment Period.** The applicable commitment period is 3 years. The estimated length of this plan is 60 months.

**1.02 Monthly Payments.** Debtor shall pay to the Trustee the sum of $278.00 Bi-Weekly for 60 months commencing December 2013, totaling $33,360.00.

**Joint Debtor shall pay to the Trustee the sum of $_____ per _____ for _____ months commencing _____, totaling $_____.**

    ■     **A payroll deduction order will issue to the Debtor's employer: Sequel Schools LLC**
                                                                                                                                                                                                  **1131 Eagletree Lane SW**
                                                                                                                                                                                                   **Huntsville, AL 35801**

    ☐     **Debtor will pay directly to the trustee.**                **(Name & Address of Employer)**

    ☐     **A payroll deduction order will issue to the Joint Debtor's employer:**

2

☐  **Joint Debtor will pay directly to the trustee.**     **(Name & Address of Employer)**

**1.03 Other Payments.**  In addition to periodic payments from future earnings, Debtor(s) will make other payment(s) as follows:

| Amount of Payment | Date | Source of Payment |
|---|---|---|
| $ | | |
| $ | | |

**1.04 Tax Refunds. Debtor(s) shall turn over to the Trustee and pay into the plan annual tax refunds for all tax years ending during the plan.**

_____

### Claims and Expenses

A. Proofs of Claim

2.01 Filing of Proofs of Claim Required for Payment**.**  Except as provided in 2.02, a Proof of Claim must be filed before any secured, unsecured or priority creditor will be paid pursuant to this plan. Only allowed claims will be paid.

2.02 Retirement Loans**.** Payments on loans from retirement or thrift savings plans described in § 362(b)(19) falling due after the petition shall be paid by Debtor(s) directly to the entity entitled to receive payments without regard to whether a Proof of Claim is filed.

2.03 Proof of Claim Controls Amount**.**  Absent objection, a Proof of Claim, not this plan or the schedules, determines the amount of a claim.

2.04 Plan Controls Everything Else**.** If a claim is provided for by this plan and a Proof of Claim is filed, the classification, treatment and payment of that claim—everything except amount—shall be controlled by this plan.

2.05. Claims Not Provided for by the Plan**.**  If a claim is not provided for by this plan and a Proof of Claim is filed, until the plan is modified to provide otherwise, the claim will receive no distribution.

_____

**B. Fees and Administrative Expenses**

**3.01 Fees to the Attorney for the Debtor(s) and Filing Fees. The fees to the attorney for the Debtor(s), costs and filing fees shall be paid as follows:**

**(a)  ■ The filing fee and notice fee established by 28 U.S.C. § 1930 shall be paid by the Trustee as soon as practicable.**

☐ **The filing fee and notice fee have been paid by the Debtor(s).**

**(b)  The attorney for the Debtor(s) shall be paid $3520.00 as follows: Class II.**

**(c)     No fees were paid to the attorney for the Debtor(s) prior to filing the petition except $_____.**

**C. Priority Claims Including Domestic Support Obligations**

_____

3

**4.01 Post-Petition Domestic Support Obligations.**

■ **The Debtor(s) has no Domestic Support Obligation.**

☐ **The Debtor(s) has Domestic Support Obligations which are current and will be paid directly by the Debtor(s).**

☐ **The Debtor(s) has Domestic Support Obligations which will be paid by the Trustee as follows:**

| Recipient | Monthly Ongoing Support | When Terminates |
|---|---|---|
|  |  |  |
|  |  |  |

**4.02 Arrears on Domestic Support Obligations. The Trustee shall pay in full the arrears on Domestic Support Obligations as follows:**

| Recipient | Total Arrears Due | Last Mo. Included in Arr. | Plan Treatment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**4.03 Other Priority Claims. The Trustee shall pay in full other priority claims as follows:**

| Creditor Name | Type of Priority | Estimated Amount | Plan Treatment |
|---|---|---|---|
| IRS | 2012 Taxes | $1183.00 | PIF prior to general unsecured |
|  |  |  |  |

_____

**D. Secured Claims**

**5.01 Curing Default and Maintaining Payments Including Long-Term Debts.**

**(a) Maintaining Payments**. Mortgage creditors are also directed to § 9.06 of this plan. Post-confirmation payments listed below shall be maintained consistent with the underlying agreement, commencing with the first payment due after confirmation. If the Trustee disburses these payments, any payment may be adjusted by the Trustee as necessary to reflect changes in interest rates, escrow payments or other matters pursuant to § 9.06. The Trustee shall notify the Debtor(s) and the attorney for the Debtor(s) of any change at least seven days prior to effecting such change.

| Creditor Name | Property Description | Mthly Pymt. | When Terminates | Paid By Debtor or Trustee? |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**(b) Curing Default. Arrears on debts provided for pursuant to § 5.01(a) above shall be paid by the Trustee as follows:**

4

| Creditor Name | Property Description | Estimated Arrears | Last Month in Arrears | Plan Treatment |
|---|---|---|---|---|
| | | | | |
| | | | | |

5.02 Secured Claims Paid Per § 1325(a)(5). This section is also used to specify pre-confirmation adequate protection payments (see § 9.01), and to provide for claims secured by real property not provided for in § 5.01.

(a) Secured Claims Not Subject to § 506 ["Hanging Sentence" claims]. The following claims are treated as fully secured, to be paid in full by the Trustee:

| Creditor Name | Collateral Description | Est. Claim Amt. | Int. Rate | Mthly. Pymt. | Pre-Conf. APP* |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

*Adequate Protection Payment, if applicable

**(b) Secured Claims Not Subject to § 506, Modified by Acceptance.** The claims listed below shall be paid only to the extent of the offer by the Debtor(s) unless the listed creditor timely objects to confirmation. **ACCEPTANCE OF THE PLAN WILL BE PRESUMED UNLESS THE AFFECTED CREDITOR TIMELY OBJECTS TO CONFIRMATION IN WRITING OR ORALLY AT THE MEETING OF CREDITORS.**

| Creditor Name | Collateral Description | Debtor Offer to Pay | Int. Rate | Mthly.Pymt. | Pre-Conf. APP* |
|---|---|---|---|---|---|
| GECRB | Washer & dryer | $800.00 | 3.25 | $15.00 | $0.00 |
| United Consumer Financial | Air purifier & vacuum | $1,000.00 | 3.25 | $25.00 | $0.00 |
| Santander | 2013 Kia Forte | $17,725.00 | 3.25 | $321.00 | $0.00 |

**\*Adequate Protection Payment, if applicable

**(c) Secured Claims Subject to § 506. DEBTOR(S) MOVES TO DETERMINE THE VALUE OF THE CLAIMS LISTED BELOW.** The claims listed below are secured claims only to the extent of the value of the collateral pursuant to § 506(a). The claims listed below shall be treated as secured and paid by the Trustee only to the extent of the value stated unless the creditor timely objects to confirmation.

| Creditor Name | Collateral Description | Value | Int. Rate | Mthly. Pymt. | Pre-Conf. APP* |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**\*Adequate Protection Payment, if applicable

**(d) Secured Claims Provided for by Surrender of Collateral.** Debtor(s) shall surrender the following collateral not later than 7 days after confirmation. Creditors listed below are granted relief from the codebtor stay under § 1301 and relief from the § 362 stay to permit recovery and disposition of property upon the later of entry of the confirmation order or 21 days following the filing of a Proof of Claim. The provisions of Bankruptcy Rule 4001(a)(3) are waived.

| Creditor Name | Collateral Description | Estimated Deficiency |
|---|---|---|
| | | |
| | | |

**5.03 Motion To Avoid Liens. DEBTOR(S) MOVES TO AVOID THE LIENS LISTED BELOW**:

| Creditor Name | Collateral Description | Authority to Avoid Lien |
|---|---|---|
| **World Finance** | **HHG** | **522(f)** |
| | | |

5.04 Lien Retention**.** Allowed secured claim holders retain liens until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328; or, if the case is dismissed or converted without completion of the plan, such liens shall be retained to the extent recognized by applicable non-bankruptcy law.

5

___

**E. Unsecured Claims**

**6.01 Non-Priority Unsecured Claims.** Allowed non-priority unsecured claims, not separately classified below, shall be paid, pro rata, not less than 1%. If applicable, unsecured claims will be paid interest at the rate of _____%.

6.02 Separately Classified Unsecured Claims**.** The unsecured claim(s) listed below are separately classified.

| Creditor Name | Description of Debt | Treatment |
|---|---|---|
|  |  |  |
|  |  |  |

6.03 Postpetition Claims**.** Claims allowed pursuant to § 1305 shall be paid in full, but subordinated to distributions to allowed unsecured claims.

___

**F. Executory Contracts and Leases**

**7.01    Assumption and Rejection of Leases and Executory Contracts.** All executory contracts and leases are rejected by confirmation of the plan except the leases and contracts listed below are assumed by the Debtor(s) and shall be paid as indicated.

| Lessor/Contract | Property Leased | Amt. of Monthly Pymt. | Paid By | Maturity Date |
|---|---|---|---|---|
| **Richsmith Properties** | **Residential lease** | **$665.00** | **Debtor** | **7/2014** |
|  |  |  |  |  |

**7.02 Arrears on Leases and Executory Contracts.** The arrears on assumed leases and executory contracts shall be paid by the Trustee as follows:

| Lessor/Contract | Property Leased | Estimated Arrears | Treatment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

7.03 Other Provisions Related to Leases and Executory Contracts**.**

**(a)**  Leases and executory contracts assumed in this plan shall be paid only upon the filing of a Proof of Claim.

**(b)**  The payment amounts specified above are the estimate by the Debtor(s) of the required payments. The monthly payment and total amount due on any assumed lease or executory contract shall be as specified on the Proof of Claim.

**(c)**  Debtor(s) shall surrender the following leased property not later than 7 days after confirmation. Creditors listed below are granted relief from the codebtor stay under § 1301 and relief from the § 362 stay to permit recovery and disposition of the leased property upon the later of entry of the confirmation order or 21 days following the filing of a Proof of Claim. The provisions of Bankruptcy Rule 4001(a)(3) are waived.

| Creditor | Property |
|---|---|
|  |  |
|  |  |

6

## Order of Distribution

**8.01 ■ Distribution of Plan Payments.**
Trustee shall pay allowed claims in the following disbursement priority:
- **(1) Administrative**
- **(2) Secured Class I**
- **(3) Secured Class II**
- **(4) Priority**
- **(5) General Unsecured**
- **(6)** _____

## Miscellaneous Plan Provisions

9.01 Adequate Protection Payments. Prior to confirmation the Trustee shall pay on account of allowed secured claims as specified in § 5.02(a), (b) and (c) adequate protection payments as required by § 1326(a)(1)(C) commencing the month after the petition is filed provided that a Proof of Claim has been filed. Adequate protection payments shall be disbursed by the Trustee in the customary disbursement cycle beginning the month after the petition is filed.

9.02 Vesting of Property. All property of the estate remains property of the estate notwithstanding confirmation and shall not revest in the Debtor(s) until dismissal or discharge.

9.03 Duties of the Debtor(s). In addition to the duties imposed by the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules, this plan imposes the following additional duties on the Debtor(s):

(a) Transfers of Property and New Debt. Debtor(s) is prohibited from transferring, encumbering, selling or otherwise disposing of any property of the estate with a value of $1,000 or more without first obtaining court authorization. Except as provided in § 364 and § 1304, Debtor(s) shall not incur new debt without first obtaining court authorization or obtaining Trustee consent pursuant to § 1305.

(b) Insurance. Debtor(s) shall maintain insurance protecting all property of the estate to the extent of any value in excess of the liens and exemptions on such property.

9.04 Effective Date of the Plan. The date the confirmation order is entered shall be the Effective Date of the Plan.

9.05 Preservation and Retention of Causes of Action. Trustee and/or Debtor(s) retain the right to pursue any causes of action for the benefit of the Debtor(s) and/or the estate.

9.06 Provisions Relating to Claims Secured by Real Property Treated Pursuant to § 1322(b)(5).
Confirmation of this Plan imposes upon any claimholder treated under § 5.01 and, holding as collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan, the "pre-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt not specified in the allowed Proof of Claim. (ii) Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.

**Additional and Nonconforming Plan Provisions**

10.01 Except as provided immediately below, the preprinted language of this form has not been altered. Debtor(s) proposes additional or different plan provisions or specifies that any of the above provisions will not be applicable as follows:

(a) Additional provision relating to payment of attorney fees;
   (i) Debtor moves that all funds held by the Trustee at confirmation, less such amounts necessary to pay filing fees, notice fees, post-petition domestic support obligations provided for under the plan, or payments required pursuant to 11 U.S.C. § 1326(a) shall be paid toward the attorney's fee administrative claim for counsel to the Debtor.

(b) Debtors Certificate of Compliance with § 521 and Motion for Order Acknowledging Compliance;
   (ii) Debtors Counsel (or debtor, if not represented by counsel) certifies that all information required under § 521(a)(1) has been filed and /or submitted to the trustee and moves the court for an order that such information satisfied the requirements of § 521 and that the case is not dismissed under § 521(i).

Respectfully submitted,


/s/ *James A. Flexer*
James A. Flexer, BPR #9447
Attorney for Debtors
Law Offices of James A. Flexer
176 2nd Avenue N., Ste. 501
Nashville, TN 37201
615.255.2893
fax: 615.242.8849
Email:cm-ecf@jamesflexerconsumerlaw.com